IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**GOLDEN TRIANGLE VEIN CENTER**                                                                   **PLAINTIFFS**
**and DR. DARYL GUEST**

**V.**                                                                                   **NO. 1:15-CV-140-DMB-DAS**

**TOTAL BODY CONTOURING**
**INCORPORATED and**
**KEVIN LEROY SIMONS**                                                                     **DEFENDANTS**

**ORDER**

      Before the Court is Golden Triangle Vein Center and Dr. Daryl Guest's "Renewed Motion for Default Judgment on the Issue of Damages." Doc. #36.

**I**
**Procedural Background**

      On August 10, 2015, Golden Triangle Vein Center and Dr. Daryl Guest filed a complaint against Total Body Contouring Incorporated ("Total Body") and Kevin Leroy Simons, claiming breach of contract, unjust enrichment, and fraud/negligent misrepresentation regarding a Lipocontrol Osyris 980 Diode Laser Machine for which they paid $96,670.00 but never received. Doc. #1. On April 13, 2016, the Clerk of the Court, on the plaintiffs' application, entered default against Total Body and Simons. Doc. #17; Doc. #18. Approximately one week later, the plaintiffs filed a motion for default judgment. Doc. #19.

      After this Court deferred decision on the motion for default judgment, the plaintiffs filed a supplement to their motion. Doc. #27. On March 23, 2017, the Court granted default judgment on the plaintiffs' breach of contract claim but denied it on the claims for unjust enrichment, negligent misrepresentation, and fraudulent misrepresentation. Doc. #31. The Court's order denied the motion without prejudice on the issue of damages. *Id.* On April 14, 2017, the plaintiffs

filed the instant "Renewed Motion for Default Judgment on the Issue of Damages." Doc. #36.

## II
## Discussion

Following a default judgment "[a] plaintiff bears the burden of proving his damages." *Niemi v. Lasshofer*, 770 F.3d 1331, 1355 (10th Cir. 2014); *see Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (after default judgment, "the burden of establishing damages rest[s] squarely and solely" on plaintiff). Generally, a district court may only award damages without an evidentiary hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Regarding damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Therefore, "the relief prayed for in a complaint defines the scope of relief available on default judgment." *United States v. Giles*, 538 F.Supp.2d 990, 994 (W.D. Tex. 2008); *see Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (Rule 54(c) "permits neither increases 'in kind ... or ... in amount' from the figure specified in the demand for judgment"). If the requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings, the Court must then determine "if the requested relief is appropriate based on governing law." *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F.Supp.2d 784, 801 (E.D. La. 2013).

Here, in the complaint's prayer for relief, the plaintiffs request "compensatory damages, punitive damages, pre-judgment and post-judgment interest, costs, and all other relief to which they may show themselves justly entitled." Doc. #1 at 10. Elsewhere in the complaint, the plaintiffs claim entitlement to the amount paid for the machine, and that they have suffered damages that include lost business opportunities, expenses associated with training, costs, attorney's fees, and other damages. *Id*. at 7–8.

In their renewed motion for damages, however, the plaintiffs contend that under Miss. Code Ann. §§ 75-2-711 and 75-2-713, they are entitled to recover the amount paid to the seller as well as incidental and consequential damages. Doc. #37 at 2–3. Specifically, the plaintiffs seek recovery for (1) the amount paid to the defendants for the machine; (2) "special damages under the UCC" incurred in reliance on the defendants' representation that they would receive the machine (such as $4,112.79 for travel expenses to and from Chattanooga, Tennessee, for training in anticipation of receiving the machine; $2,600.00 for office renovations to accommodate the machine, and $4,586.21 for supplies to be used with the machine); and (3) pre- and post-judgment interest. *Id*. at 3–5.

While Mississippi's Uniform Commercial Code allows for the recovery of consequential and incidental damages, nowhere in their complaint do the plaintiffs seek consequential or incidental damages. Nor do the plaintiffs assert allegations relating to office renovations or the purchase of extra supplies. Because a plaintiff can only recover from a defaulted defendant relief requested in the pleadings, the Court cannot consider the plaintiffs' request for incidental and consequential damages.[1] *See Silge*, 510 F.3d at 159–60 (plaintiff not entitled to pre-judgment

---

[1] The Court declines to consider the request for consequential and incidental damages based on the plaintiffs' generic prayer for "all other relief to which they may show themselves justly entitled" because "this formulaic language cannot substitute for the meaningful notice called for by Rule 54(c), which anticipates that defendants will look to the [pleadings] to understand their exposure in the event of default." *Silge*, 510 F.3d at 161. Even if such relief was specifically requested, it would be denied because the plaintiffs have failed to show how the damages sought for travel, office renovations, and supplies were incurred incident to, or as a result of, the defendants' breach of contract, as required to recover incidental and consequential damages. *See* Miss. Code Ann. § 75-2-715(1) ("Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach."); *id.* at § 75-2-715(2) ("consequential damages resulting from the seller's breach include ... [a]ny loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise"); *see, e.g., Delhomme Indus., Inc. v. Hous. Beechcraft, Inc.*, 735 F.2d 177, 185–86 (5th Cir. 1984) (plaintiff not entitled to incidental or consequential damages for expenses related to insurance on aircraft and finance charges on loan to purchase aircraft because expenses not "incident to or a proximate result of breach of warranty"); *Indus. Graphics, Inc. v. Asahi Corp.*, 485 F.Supp. 793, 808 (D. Minn. 1980) (financing costs and overhead expense not recoverable because such expenses would have been incurred even if goods had been as warranted). While the plaintiffs may have incurred these expenses in reliance on receiving the machine, the

interest against defaulted defendant because such not requested in complaint); *Pa. Nat. Mut. Cas. Ins. Co. v. Edmonds*, No. 09-0089, 2010 WL 761332, at *7 (S.D. Ala. Mar. 3, 2010) (categories of compensatory damages not demanded in complaint excluded from damages). Accordingly, the Court will consider only the plaintiffs' request for recovery of the contract price and pre- and post-judgment interest.

### A. Contract Price

Under Mississippi's UCC, when, as here, the seller fails to make delivery of goods, a buyer may recover the price paid. *See* Miss. Code Ann. § 75-2-711. In this regard, the plaintiffs submitted an invoice from the defendants reflecting a cost of $96,670.00 for the machine and a wire transfer form showing that the money was wired to the defendants. Doc. #27-1 at Exs. A–D. Accordingly, the Court concludes that $96,670.00 should be awarded for the cost of the machine.

### B. Interest

"Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law." *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F. 3d 222, 234 (5th Cir. 2002). Pre-judgment interest may be awarded to compensate the innocent party for detention of overdue funds. *Sunburst Bank v. Keith*, 648 So.2d 1147, 1153 (Miss.1995); *Perez v. Bruister*, 54 F.Supp.3d 629, 680 (S.D. Miss. 2014). Under Mississippi law, it is well settled that the decision to award pre-judgment interest is within the discretion of the trial judge. *Philips Med. Capital, LLC v. P & L Contracting, Inc.*, No. 2:10-cv-092, 2012 WL 860324, at *4 (N.D. Miss. Mar. 13, 2012) (citing *Stockstill v. Gammill*, 943 So.2d 35, 50 (Miss. 2006)). Pre-judgment interest may be "allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad

---

expenses would have been incurred even if the defendants had not breached the contract.

faith."[2] *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So.2d 1100, 1117 (Miss. 2007).

Because it is clear the plaintiffs paid the defendants $96,670.00 for the machine, the plaintiff's damages are liquidated. Accordingly, the plaintiffs should be awarded pre-judgment interest at the rate of eight percent annum,[3] running from the date the original complaint was filed, August 10, 2015, to the entry of judgment.[4]

"Post-judgment interest is awarded as a matter of course." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F. 3d 161, 173 (5th Cir. 2010). Such interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). The Court takes judicial notice[5] that the average yield for the week preceding this week was 2.06.[6] Accordingly, the Court concludes that post-judgment interest at the rate of 2.06% is appropriate.

### C. Summary

In sum, the Court concludes that the plaintiffs are entitled to damages in the amount of $96,670.00, plus pre-judgment interest at the rate of 8% and post-judgment interest at the rate of 2.06%.

---

[2] Liquidated damages are damages that are set or determined by a contract when a breach occurs, whereas unliquidated damages are left to the discretion of the trier of fact because they cannot be determined by a fixed formula. *Moeller v. Am. Guarantee & Liab. Ins. Co.*, 812 So. 2d 953, 959–60 (Miss. 2002); *Wachob Leasing Co. v. Gulfport Aviation Partners, LLC*, No. 1:15-cv-237, 2017 WL 5247918, at *2 (S.D. Miss. Jan. 25, 2017).

[3] Pursuant to Miss. Code Ann. § 75-17-1(1), "[t]he legal rate of interest on … contracts shall be eight percent (8%) per annum, calculated according to the actuarial method." *Estate of Baxter v. Shaw Assocs., Inc.*, 797 So. 2d 396, 404 (Miss. Ct. App. 2001).

[4] Pre-judgment interest begins on "a date determined by such judge to be fair but in no event prior to the filing of the complaint." Miss. Code Ann. § 75-17-7; *see Perez*, 54 F.Supp.3d at 680; *The Stellar Grp. v. Pilgrim's Pride Corp.*, No. 3:06-cv-186, 2007 WL 3475074, at *3 (S.D. Miss. Nov. 13, 2007).

[5] *See Schleben v. Carpenters Pension Tr. Fund-Detroit and Vicinity*, No. 14-cv-11564, 2016 WL 806707, at *2 (E.D. Mich. Mar. 2, 2016) (taking judicial notice of yield rates).

[6] *See* Board of Governors of the Federal Reserve System, H.15 (519) *Selected Interest Rates*, March 26, 2018, available at http://www.federalreserve.gov/releases/h15/default.htm (last accessed March 28, 2018).

# III
## Conclusion

For the reasons above, the plaintiffs' renewed motion [36] is **GRANTED in Part and DENIED in Part**.  The motion is GRANTED to the extent it seeks recovery of the price paid for the machine and pre- and post-judgment interest but is otherwise DENIED.

**SO ORDERED**, this 28th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**